IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST,<br><br>        Plaintiff,<br><br>   v.<br><br>APRIL L. INGRAM,<br><br>        Defendant. | No. C 12-05417 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING REQUEST FOR ATTORNEYS' FEES, AND REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT** |

Currently before this Court is plaintiff's motion to remand this case to Alameda County Superior Court, where it was filed, and for attorneys' fees and costs. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing scheduled for December 21, 2012. For the reasons set forth below, the Court GRANTS the motion to remand, and DENIES the motion for attorneys' fees.

**BACKGROUND**

This case stems from an action for unlawful detainer under California state law. Plaintiff Citibank purchased the property located at 25089 Vista Greens Ct., Hayward, CA 94541 (the "Subject Property") at a trustee's sale. On May 15, 2012, Citibank served a Notice to Vacate on defendant Ingram. When Ingram failed to vacate the Subject Property, Citibank filed an action for unlawful detainer in Alameda County Superior Court on June 13, 2012.

On October 19, 2012, the day the hearing was scheduled, Ingram filed a Notice of Removal in this Court. However, she failed to complete all of the requisite steps for removal, and the Superior Court

retained concurrent jurisdiction. That afternoon, the Superior Court granted judgment in favor of plaintiff for the restitution of the Subject Property.

**LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

A motion to remand under 28 U.S.C. § 1447(c) "is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted). Remand to state court must be ordered when a district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

**DISCUSSION**

In her Notice of Removal, Ingram asserted that the Court had both federal question and diversity jurisdiction over the case. The Court finds that it has neither.

The Court does not have federal question jurisdiction because the case does not arise from federal law. Plaintiff's complaint states a single state law cause of action for unlawful detainer under California Civil Code § 1161a. The defenses that Ingram raises under federal law do not create federal

question jurisdiction. Federal question jurisdiction must arise from the face of the complaint; therefore, removal was improper under federal question jurisdiction.

Removal was also improper under diversity jurisdiction. Under 28 U.S.C. § 1441(b), an action is not removable under diversity jurisdiction if the defendant is a citizen of the state in which the action was brought. Here, Ingram is a citizen of California. Therefore, because the case was brought by plaintiff in a California state court, she may not remove the action to federal court.

Finally, Citibank requests that the Court award it attorneys' fees and costs. The Court in its discretion may award attorneys' fees and costs incurred as a result of the removal. 28 U.S.C. § 1447(c). Citibank urges the Court to do so here, arguing that Ingram's removal on the day of the hearing was abusive. Ingram claims that the notice of removal was not an attempt to abuse or harass plaintiff, or add unnecessary expense to the litigation. The Court in its discretion DENIES plaintiff's request for the award of attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand and REMANDS this action to the Superior Court of the State of California, County of Alameda; and DENIES plaintiff's request for the award of attorneys' fees and costs. Docket No. 14.

**IT IS SO ORDERED.**

Dated: December 18, 2012

SUSAN ILLSTON
United States District Judge

3